UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BRIAN E. MOORE,  )<br>　　　　　　　　　　　　　　　)<br>　　　　Petitioner,　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　)　　Civil Action No. 23-2704 (UNA)<br>　　　　　　　　　　　　　　　)<br>UNITED STATES OF AMERICA, *et al.*,  )<br>　　　　　　　　　　　　　　　)<br>　　　　Respondents.　　　　　)<br>　　　　　　　　　　　　　　　) | |

## MEMORANDUM OPINION

Petitioner Brian E. Moore explains that the District of Columbia Court of Appeals reversed his criminal convictions and since has granted the government's motion for rehearing *en banc*. *See Moore v. United States*, 285 A.3d 228 (D.C. 2022), *reh'g en banc granted, opinion vacated*, No. 19-CF-0687, 2023 WL 3674377 (D.C. May 25, 2023). Petitioner, who currently is designated to a federal penitentiary in Kentucky, demands his immediate release from custody pending rehearing.

D.C. Code § 23-110 in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). This petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him

1

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986). Petitioner has made no such showing, and the denial of his recent motion for release pending appeal, *see* Order, *United States v. Moore*, No. 2018 CF3 011411 (D.C. Super. Ct. May 22, 2023), does not render any available remedy in the District of Columbia courts inadequate or ineffective.

The Court GRANTS petitioner's application to proceed *in forma pauperis* (ECF No. 2), DENIES the petition for writ of habeas corpus (ECF No. 1) and the motion to expedite (ECF No. 3) without prejudice, and DISMISSES this civil action without prejudice. An Order is issued separately.

DATE: December 11, 2023                                    JIA M. COBB
                                                           United States District Judge